THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI
ASSOCIATE DIVISION

| | |
|---|---|
| GARY THOMAS<br>　　　Plaintiffs,<br><br>vs.<br><br>FREDRICK L. BECK,<br>MARK PRIEBE<br>KEVIN BROWN<br>And<br>CITY OF SPRINGFIELD, A<br>MUNICIPAL CORPORATION and<br>Political Subdivision<br>Of The State Of Missouri<br>　　　Defendants | Case No. |

SERVE:　　Individual Officers
　　　　　　Springfield Police Department
　　　　　　321 E. Chestnut Expressway
　　　　　　Springfield, MO 65802
　　　　　　And City at,
　　　　　　Springfield City Manager, Bob Cumley
　　　　　　840 Boonville
　　　　　　Springfield, MO 65802

## PETITION
## GENERAL ALLEGATIONS

**COMES NOW** Plaintiff Gary Thomas and states to the Court as follows:

1. Plaintiff Gary Thomas is an individual who resides in the states of Missouri and California.

2. The City of Springfield (herein "City") is a political subdivision of the State of Missouri. The City maintains and operates the police department which is the employer of Defendants Beck, Brown and Priebe.

3. Defendant Fredrick L. Beck is an individual who is employed as a police officer by the city of Springfield.

4. M. Priebe is an individual who is employed as a police officer by the city of Springfield.



1

5. That as a result of the actions of the officers as aforesaid this Plaintiff was restrained against his will.

6. That the Defendants had no lawful reason to restrain nor detain this Plaintiff in that there was no warrant for his arrest nor had this Plaintiff committed a crime before or after the officer's arrival and the arrest resulted from failure to follow police procedures by these Defendants.

7. That Defendants acted with complete indifference to the rights and safety of this Plaintiff.

8. K. Brown is an individual who is employed as a police officer by the city of Springfield.

9. On or about November 3, 2002 Plaintiff was assaulted by a team of Springfield Police Officers said officers being the Defendants described herein.

10. Each of the Defendant officers failed to identify themselves as police officers and were at the time of the incidents described wearing plain clothes and appeared as thugs.

11. Plaintiff Thomas and Ally Traub, were rear seat passengers in a cab awaiting the arrival of her husband, Clifford Traub from a restaurant known as Millie's in Springfield. Mrs. Traub became ill as a result of certain medications that she had taken which caused her to vomit outside of the cab.

12. At or about the time Mrs. Traub was no longer vomiting, three (3) plain clothes police officers arrived appearing as thugs and at that time did not advise Mrs. Traub nor Plaintiff Thomas that they were police officers. Plaintiff Thomas advised officer Beck that their help was not needed, that Mrs. Traub was alright and that he and Ally Traub were ready to leave.

13. Shortly thereafter officers Brown and Beck pulled Plaintiff Thomas from the rear set of the cab and subjected him to unnecessary and excessive force in that he was thrown to the ground, handcuffed and thereafter kneed three (3) times under circumstances that were not justified and resulted in humiliation, mental anguish, bruises, contusions and damaged clothing.

14. At or near said time Clifford Traub arrived at the side of the cab to inquire what was happening at which time officer Priebe made threatening and angry comments at Traub and began to chest bump him in order to provoke an angry response from Traub. Thereafter Defendant Priebe handcuffed Traub and slammed Traub's head into the Police vehicle in which the officers arrived resulting in a bruise and a cut to the head of Traub. Defendant Priebe during said time had the odor of alcohol on his breath.

## COUNT I
**COMES NOW** Plaintiff Thomas and states as follows:

2

1. The general allegations are incorporated herein by reference.

2. On or about November 3, 2002 Plaintiff Gary Thomas was arrested by defendants Brown and Beck and at or near the time was subjected to excessive force in that he was thrown to the ground, handcuffed and kneed in the back three (3) times under circumstances that were not justified. As a result thereof, Thomas was caused to suffer humiliation, mental anguish, bruises and contusions.

3. The actions by Defendants violated 42U.S.C.sec. 1983 et. seq.

4. The actions of Defendants were willful, wanton and malicious and were with reckless disregard for Thomas' safety.

5. Defendant Priebe failed to take such action that was reasonable to intervene on behalf of Thomas to protect him from injury as aforesaid.

6. Each of the Defendant officers failed to identify themselves as police officers and were at the time of the incidents described wearing plain clothes and appeared as thugs.

7. That prior to arrival of the police officers Thomas had committed no offense against the law. That thereafter the police officers reported that Thomas resisted arrest when in fact such statements were false and there was no reason to arrest this Plaintiff.

8. As a result of the acts of these Defendants, Thomas was deprived of his civil rights and liberties in violation of the Constitution of the United States 42U.S.C.sec. 1983 et. seq. and the Constitution of Missouri in that Thomas was deprived of his:
      a. right to be secure in his person;
      b. right to personal safety and freedom from excessive force and cruel and unusual punishment; and
      c. deprived of his right to due process of the law.

**WHEREFORE,** Plaintiff prays judgment against each of the Defendants jointly and severally for such sum as will reasonably compensate him for his damages, and costs and such other relief as to the Court appears just.

## COUNT II

1. The allegations hereinabove are incorporated herein.

2. That the acts of the Defendants caused Thomas apprehension of bodily harm, and in fact, caused him harm.

3. That the acts of the Defendants were without just cause or provocation and were committed while Plaintiff was helpless and served no useful or lawful purpose.

4. Such acts were committed with complete indifference to Plaintiff's safety.

WHEREFORE, Plaintiff prays judgment against each of the Defendants jointly and severally for such sum as will reasonably compensate him for his damages, and costs and such other relief as to the Court appears just.

## COUNT III

1. The allegations above are incorporated herein.

2. The acts of Defendants constituted battery in that such acts did injure this Plaintiff.

3. Such acts were done without just cause or provocation while this Plaintiff was helpless and with complete disregard to the safety of this Plaintiff and served no legitimate purpose.

WHEREFORE, Plaintiff prays judgment against each of the Defendants jointly and severally for such sum as will reasonably compensate him for his damages, and costs and such other relief as to the Court appears just.

## COUNT IV

1. The allegations hereinabove are incorporated herein.

2. That a criminal prosecution against this Plaintiff was commenced as a result of the false reports filed by the Defendant officers.

3. That said criminal action was terminated in favor of this Plaintiff.

4. That there did not exist probable cause to institute the criminal action.

5. That Defendants acted with malice in the institution of the criminal action.

6. That as a result of the acts of Defendants this Plaintiff was damaged in that he incurred legal fees, other expenses including travel expenses, and suffered humiliation and mental anguish.

WHEREFORE, Plaintiff prays judgment against each of the Defendants jointly and severally for such sum as will reasonably compensate him for his damages, and costs and such other relief as to the Court appears just.

## COUNT V

2. That as a result of the actions of the officers as aforesaid this Plaintiff was restrained against his will.

3. That the Defendants had no lawful reason to neither restrain nor detain this Plaintiff in that there was no warrant for his arrest nor had this Plaintiff committed a crime before or after the officer's arrival and the arrest resulted from failure to follow police procedures by these Defendants.

4. That Defendants acted with complete indifference to the rights and safety of this Plaintiff.

   **WHEREFORE,** Plaintiff prays judgment against each of the Defendants jointly and severally for such sum as will reasonably compensate him for his damages, and costs and such other relief as to the Court appears just.

## COUNT VI

1. The allegations hereinabove are incorporated herein.

2. The acts of the Defendants were without just cause or provocation and were committed while Plaintiff was helpless and served no useful or lawful purpose.

3. The acts of the Defendants, Beck, Brown and Priebe's conduct was outrageous because of their evil motive or reckless indifference to the rights of Plaintiff for which cause Plaintiff is entitled to recover and the Court should award, in addition to any other damages to which Plaintiff is entitled, an additional amount as punitive damages in such sum as will serve to punish defendant and to deter defendant and others from like conduct.

   **WHEREFORE,** Plaintiff requests that the Court grant him judgment against Defendants for punitive damages in such amount as will serve to punish defendants and to deter defendants and others from like conduct, for his costs and attorneys' fees, and for such other relief as this Court deems just and proper.

Respectfully Submitted,

WILLIAM E. STONER
Attorney for Plaintiff
Missouri Bar #22553
205 Park Central East, Suite 412
Springfield, Missouri 65806
Telephone (417) 866-3231
Facsimile (417) 866-9633

S:\~WES\Thomas, Gary2\THOMAS PETITION.doc